# Exhibit A

INDICT
4/23/97

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )    97-10102MLW
                                )
              v.                )    CRIMINAL NO.
                                )    Violation:
TIEN NGUYEN, DUYEN NGUYEN       )    18 U.S.C. § 513(a) --
HO NGUYEN, and SELENA GRIFFIN   )    Possessing Counterfeit
                                )    Securities
                                )    18 U.S.C. § 371 -- Conspiracy

INDICTMENT

COUNT ONE:        (18 U.S.C. § 513(a) - Possessing Counterfeited
                  Securities of an Organization)

The Grand Jury charges that:

On or about April 3, 1997, in the District of Massachusetts,

the defendants,

TIEN NGUYEN
and
DUYEN NGUYEN

did knowingly possess counterfeited securities of an organization

and legal entity which operates in, and the activities of which

affect, interstate or foreign commerce, to wit:  fifteen checks

purporting to be drawn on the Fleet Bank account of Information

Decisions, Inc., 3260 Eagle Park Drive, N.E., Grand Rapids,

Michigan, and payable to Selina Griffin; and fifteen checks

purporting to be drawn on the Fleet Bank account of Sterling

Suffolk Racecourse, Operating Account, 111 Waldemar Avenue, East

Boston, Massachusetts, and payable to Judy DiGregorio, with the

intent to deceive other persons and organizations.

All in violation of Title 18, United States Code, Sections

513(a) and 2.

COUNT TWO:      (18 U.S.C. § 371 -- Conspiracy)

The Grand Jury charges that:

### THE CONSPIRACY AND ITS OBJECTS

1.  From an unknown time until on or about April 3, 1997, in Lynn, and elsewhere in the District of Massachusetts,

                    TIEN NGUYEN
                    DUYEN NGUYEN
                     HO NGUYEN
                        and
                   SELINA GRIFFIN

defendants herein, did knowingly, willfully and unlawfully combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury to commit an offense against the United States, to wit, knowingly possess counterfeited securities of an organization and legal entity which operates in, and the activities of which affect, interstate or foreign commerce, to wit:  fifteen checks purporting to be drawn on the Fleet Bank account of Information Decisions, Inc., 3260 Eagle Park Drive, N.E., Grand Rapids, Michigan, and payable to Selina Griffin; and fifteen checks purporting to be drawn on the Fleet Bank account of Sterling Suffolk Racecourse, Operating Account, 111 Waldemar Avenue, East Boston, Massachusetts, and payable to Judy DiGregorio (collectively, the "counterfeit checks"), with the intent to deceive other persons and organizations, in violation of Title 18, United States Code, Section 513.

2

OVERT ACTS

2.   In furtherance of the conspiracy and to effect its objects, Tien Nguyen, Duyen Nguyen, Ho Nguyen and Selena Griffin committed numerous overt acts, including the following:

1.   In or about March and early April, 1997, Tien Nguyen arranged for the printing and mailing of the counterfeit checks to his residence located at the third floor apartment at 812 Western Avenue, Lynn, Massachusetts;

2.   On or about April 2, 1997, Tien Nguyen and Ho Nguyen met with undercover police officer Judith Racow, who was posing as Judy DiGregorio, and paid her fifty dollars ($50.00) to solicit and arrange for her to cash some of the counterfeit checks;

3.   On April 3, 1997, Tien Nguyen, Duyen Nguyen and others received delivery of the counterfeit checks by Federal Express mail at their residence located at the third floor apartment at 812 Western Avenue, Lynn, Massachusetts;

4.   On or about April 3, 1997, Duyen Nguyen transported the counterfeit checks to the People's Choice Seafood Restaurant located at 17 Market Square, Lynn, Massachusetts in order to provide them to Selena Griffin and undercover police officer Judith Racow, who was posing as Judy DeGregorio, so that they could cash the counterfeit checks;

5.   On or about April 3, 1997, Ho Nguyen, Duyen Nguyen, Selena Griffin and others met at the People's Choice Seafood Restaurant located at 17 Market Square, Lynn, Massachusetts, and elsewhere, to arrange and plan for Selena Griffin, and others, to

3

possess and cash the counterfeit checks.

All in violation of Title 18, United States Code, Section 371.

A TRUE BILL

_Elizabeth Perkins_
FOREPERSON OF THE GRAND JURY

_S. F. ___
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS                 April 23            , 1997

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk
@ 12:30 p.m.

# Exhibit B

# MEMORANDUM

Date:        June 11, 1997

To:          Anthony Drago, Esq.

From:        Lucille Wilkinson
             Carney & Bassil

Subject:     Immigration Matter

---

I would like to impose upon you to give us your thoughts concerning a matter we have pending in our office. I will try to briefly summarize the facts as follows:

We represent a 17 year old male who is being held on federal charges involving counterfeit checks. The 17 year old is the son of a naturalized Vietnamese refugee who achieved citizenship status in 1990 (we have a copy of the father's naturalization certificate issued by INS in 1990). The father filed for political asylum in 1983. The status of the mother is unclear. According to the Political Asylum application filed by the father, the mother was listed as deceased. However, the father disclosed that she is in Vietnam and has never been in the US. The father states he has not remarried and does not know the whereabouts of his "wife". According to the father, the son was born in 1979; the father entered this country with his son in 1983 (we have a copy of the Political Asylum application and green card issued in 1983 or 1984?), and until the child left his father's care, the child resided with him.

In speaking with the father, we are advised the boy briefly attended a Catholic school in California; was a problem student (joined street gangs, etc.) and dropped out of school in the 7th grade. The boy shuttled between other family members here in the US and eventually ended up in Boston where he was arrested on the current counterfeit charges and is now incarcerated at Plymouth.

We have two questions:

1.   Would this boy who is under age 18 (and who was also named on the political asylum application along with his father and assumedly was granted political asylum) be considered a naturalized citizen through his father's citizenship? And if so, how could we obtain his naturalization papers?

2.   Can INS move to revoke his citizenship status after an adjudication of the charges?

Anthony Drago, Esq.
June 12, 1997
Page 2


His legal status is of particular concern because the Government has made mention of the fact that this boy could be facing deportation if he pleads guilty to the charges or is convicted of the charges. We also suspect that the Government is unsure of his legal status in the US and has hinted at deportation until they know more. It also appears that the Government may be using the threat of deportation in order to gain the defendant's cooperation in other gang matters. Would it be helpful or essential for us to obtain a copy of his father's INS file? We have obtained the standard INS FOIA request form which the father has signed and the father has given us written permission to obtain the file if it becomes necessary.

As I noted above, we have copies of his father's political asylum application, a copy of his Naturalization Certificate issued by the District Office in California and a copy of a green card. On the FOIA request, the father has provided us with entry information and Alien Registration Number.

Your thoughtful assistance in this matter is most appreciated.

/lw
attachs.

# Exhibit C





U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

---

*1003 J.W. McCormack Building P.O. &*
*Courthouse*
*Boston, Massachusetts   02103*

November 5, 1997

J.W. Carney, Jr., Esq.
20 Park Plaza
Boston, MA 02116

    Re: <u>United States v. Tien Nguyen</u>
        Criminal No. 97-10102-MLW

Dear Mr. Carney:

    This letter sets forth the agreement entered into between the United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Tien Nguyen ("Defendant") in the above-captioned case.  The agreement is as follows:

    1.  <u>Change of Plea</u>

    On or before November 10, 1997, Defendant will plead guilty to Count One of the above-captioned Indictment.  Upon the imposition of sentence on Count One, the United States will dismiss Count Two of the Indictment.

    2.  <u>Penalties</u>

    Defendant faces maximum penalties of ten years imprisonment, three years supervised release, a $250,000 fine and, a $100 special assessment fee.

    3.  <u>Sentencing Guidelines</u>

    The parties will take the following positions at sentencing with regard to the United States Sentencing Guidelines (U.S.S.G.):

            a)  Defendant's base offense level is
                6 pursuant to U.S.S.G. § 2F1.1(a);

 

 

b) The offense level should be increased 6 levels because the amount of loss was more than $70,000, U.S.S.G. § 2F1.1(b)(1)(G);

c) The offense level should be increased 2 levels because the offense involved more than minimal planning, U.S.S.G. § 2F1(b)(2);

d) The offense level should be increased by 3 levels because the defendant was a manager and/or supervisor of criminal activity pursuant to U.S.S.G. § 3B1.1(c);

e) The offense level should be decreased 3 levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (B)(2);

f) Defendant's adjusted offense level is 14;

g) Defendant's criminal history category is I;

h) The Sentencing Guidelines range, based on an adjusted offense level of 14 and criminal history category of I is 15-21 months.

The parties have no other agreement regarding application of the United States Sentencing Guidelines.

Nothing herein shall be construed to limit the right of either party to appeal the sentence pursuant to 18 U.S.C. §3742.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend a sentence within the applicable sentencing guidelines range, consistent with the positions set forth in paragraph 3, above. The U.S. Attorney reserves the right to recommend any additional appropriate conditions of supervised release, including restitution, and an appropriate fine.

5. The U.S. Attorney and Defendant each agree to take the position that there is no basis for a departure under the provisions of the United States Sentencing Guidelines, including, but not limited to, U.S.S.G. §§ 4A1.3 and 5K2.0-2.16.

2

Accordingly, neither the U.S. Attorney nor Defendant will seek a departure from the guidelines.

5.   Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless affirmatively relieved of this obligation by the District Court.

6.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Department or the sentencing judge.  Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge.  Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(e)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed.  Nor may Defendant withdraw his plea because the United States Probation Department or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties.

7.   Civil Liability

By entering into this agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this agreement.

8.   Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the court for whatever reason, or later be withdrawn on motion of Defendant, this agreement shall be null and void at the option of the U.S. Attorney.

9.   Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this agreement, or has committed any crime during the pendency of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective

3

of whether he elects to be released from his commitments under
this agreement.  Defendant recognizes that no such breach by him
of an obligation under this agreement shall give rise to grounds
for withdrawal of his guilty plea.  Defendant understands that
should he breach any provision of this agreement, the government
will have the right to use against Defendant before any grand
jury, at any trial, hearing or for sentencing purposes, any
statements made by him, and any information, materials,
documents, or objects provided by him to the government pursuant
to this agreement without any limitation.  In this regard, the
Defendant hereby waives any defense to any charges which he might
otherwise have under any statute of limitations or the Speedy
Trial Act.

   10.  Who Is Bound By Agreement

       This agreement is limited to the United States Attorney for
the District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal, state
or local prosecutive authorities.

   11.  Complete Agreement

       This agreement is the complete and only agreement between
the parties.  No promises, agreements or conditions have been
entered into other than those set forth in this letter.  This
agreement supersedes prior understandings, if any, of the
parties, whether written or oral.  This agreement cannot be
modified other than in a written memorandum signed by the parties
or on the record in court.

       If this letter accurately reflects the agreement entered
into between the United States Attorney for the District of
Massachusetts and Defendant, please have Defendant sign the
Acknowledgment of Plea Agreement below.  Please also sign below

as Witness.  Return the original of this letter to Assistant U.S.
Attorney Christopher F. Bator.

                              Sincerely,

                              DONALD K. STERN
                              United States Attorney

                    By:      _____
                              STEPHEN P. HEYMANN
                              Deputy Chief, Criminal
                              Division

                              CHRISTOPHER F. BATOR
                              Assistant U.S. Attorney


                    ACKNOWLEDGMENT OF PLEA AGREEMENT

     I have read this letter of agreement in its entirety and
discussed it with my attorney.  I hereby acknowledge that it
fully sets forth my agreement with the United States Attorney's
Office for the District of Massachusetts.  I further state that
there have been no additional promises or representations made to
me by any officials of the United States in connection with this
matter.

                              _____
                              Tien Nguyen
                              Date: 11-10-97

     I certify that this plea agreement letter has been read by
the Defendant and that the Defendant understands its terms.

_____
Witnessed by:
J.W. Carney, Jr.
Attorney for Defendant

                              5

# Exhibit D

# Carney & Bassil

A Professional Corporation

## Attorneys at Law

20 Park Plaza
Suite 800
Boston, MA 02116

J. W. CARNEY, JR.
JANICE BASSIL
ANDREW M. D'ANGELO

TEL. (617) 338-5566
FAX (617) 338-5587

MICHAEL J. TRAFT
JAMES M. DOYLE
OF COUNSEL

November 11, 1997

**CONFIDENTIAL LEGAL MAIL**

Tien Nguyen
Plymouth County Jail
Obery Street
Plymouth, MA 02360

Dear Tien,

You did very well at the guilty plea hearing, and I hope that you created a favorable impression on Judge Wolf. I have enclosed a copy of the final plea agreement which we reached with the government. Please contact me if you have any questions in reviewing it. As we have discussed, its provisions are identical to the ones we went over when I came to see you, and which we reviewed in the lockup before the court hearing.

I have informed your immigration attorney of the guilty plea, and the potential impact that it will have in your favor because of the dismissal of count two. My letter to Attorney Drago is enclosed.

Tien, if only as a favor to me, would you please contact your father by calling him collect at 714-531-5467. I understand the strain that exists between the two of you, but it is important for immigration purposes that you reach a reconciliation with him. It would be wonderful if you could reestablish a relationship with him anyway, and I sincerely hope that you will try to do so.

I'm your lawyer, Tian, not your priest, social worker, doctor, or blood relative.  But please, call your father.

Very truly yours,

J. W. Carney, Jr.

JWC/

# Exhibit E

## ANTHONY DRAGO, JR., P.C.*
35 INDIA STREET
4TH FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: 617-357-0400

FACSIMILE: 617-357-8353

*Also admitted in New York

April 9, 1998

J.W. Carney, Esq.
Carney & Bassil
20 Park Plaza - Suite 800
Boston, MA 02116

Re:   **Tien Nguyen - Naturalization**

Dear Attorney Carney:

As I informed Lucille of your office earlier this week, I have filed Tien's Application for Certificate of Citizenship with INS. The application can take years to adjudicate due to INS back log. However, the pending application will be the basis of many continuances with the Immigration Court if Tien is placed in Removal proceedings.

In addition to filing the application, I will have Tien file an application for a U.S. Passport when he finishes his sentence at Plymouth. I am informed that Passport applications are not acted on because the Passport office defers to INS on the issue, but it won't hurt Tien to try.

At this time my work on the case is finished until either I hear from INS on the application or Tien is placed in Removal proceedings before the Immigration Court in Boston. I don't think, based on the way you arranged the plea Tien entered into, that his crime constitutes an "aggravated felony" and will have that argument to make on his behalf if necessary.

Should you have any questions regarding the case, please contact me. Otherwise, I will let you know what happens with Tien's case in the future. Thank you for referring the case, I have enjoyed working on it.

Sincerely,

Anthony Drago

RECEIVED
APR 1 0 1998

Anthony Drago, Jr., P.C. is associated with the Professional Association of Sattan & Marino

# Exhibit F



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Santa Ana Field Office*
34 Civic Center Dr.
Santa Ana, CA 92701

**U.S. Citizenship
and Immigration
Services**

Tien Hai Nguyen
12812 Melody Drive
Garden Grove, CA 92841

A273 18731
NBC*004894480

January 8, 2015

## DECISION

Dear Tien Hai Nguyen:

Thank you for submitting Form N-400, Application for Naturalization, to U.S. Citizenship and Immigration Services (USCIS) under section 316 of the Immigration and Nationality Act (INA).

After a thorough review of the information provided in your application for naturalization, the documents supporting your application, and your testimony during your naturalization interview, USCIS has determined that you are not eligible for naturalization. Accordingly, USCIS must deny your application for naturalization.

Generally, to qualify for naturalization under INA 316, an applicant must:

- Be 18 years of age or older at the time of filing Form N-400;

- Be lawfully admitted for permanent residence;

- Be a lawful permanent resident for at least 5 years at the time of filing Form N-400;

- Demonstrate good moral character for at least 5 years prior to the Form N-400 filing date, and during the period leading to administration of the Oath of Allegiance;

- Have resided continuously in the United States for at least 5 years as a lawful permanent resident before filing Form N-400;

- Have resided for at least 3 months in the State or USCIS District where residency is claimed before filing Form N-400;

- Have resided continuously in the United States from the date of filing Form N-400 up to the time of administration of the Oath of Allegiance;

- Be physically present in the United States for at least 2½ years at the time of filing Form N-400;

- Demonstrate a basic knowledge of U.S. history and government;

- Demonstrate the ability to read, write, and speak words in ordinary usage in the English language; and

- Establish an attachment to the principles of the U.S. Constitution and be disposed to the good order and happiness of the United States.

## Statement of Facts and Analysis Including Ground(s) for Denial

On June 8, 1984, you obtained permanent resident status in immigrant classification RE 8, adjustment of child of a refugee. USCIS received your Form N-400 on April 8, 2014, and on November 7, 2014, you appeared for an interview to determine your eligibility for naturalization.

During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form N-400, along with any amendments made during the naturalization interview, and the documents submitted by you were true and correct. The record reflects that on April 4, 1997, you were arrested and charged with Forgery / Counterfeit Checks in U.S. District Court in Boston, Massachusetts. On April 3, 1998, you were convicted of Possessing Counterfeit Securities under 18 USC 513(a) and sentenced to 15 months imprisonment in the US Bureau of Prisons and $100.00 penalty by the United States District Court, District of Massachusetts, Case Number 1:97CR10102-001.

An offense described in section 1956 of 18, United States Code is considered an aggravated felony. 18 USC 1956(a) states "whoever makes, utters or possesses a counterfeited security of ... an organization ... with intent to deceive another person ... shall be fined under this title or imprisoned for not more than ten years, or both." You were found guilty under 18 USC 513(a), which states: "Whoever makes, utters or possesses a counterfeited security of ... an organization ... with intent to deceive another person ... shall be fined under this title or imprisoned for not more than ten years, or both."

Possession of a counterfeited security with intent to deceive another person is an aggravated felony. To be eligible for naturalization, you must demonstrate that you are a person of good moral character. No person shall be regarded as, or found to be, a person of good moral character who at any time has been convicted of an aggravated felony as defined in INA 101(a)(43). Because you have been convicted of an aggravated felony on or after November 29, 1990, you are permanently barred from establishing good moral character. Therefore, you are ineligible for naturalization. See INA 316(a)(3), INA 101(f)(8), INA 101(a)(43)(D) and Title 8, Code of Federal Regulations (8 CFR), section 316.10(b)(1)(ii).]

If you believe that you can overcome the grounds for this denial, you may submit a request for a hearing on Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, within 30 calendar days of service of this decision (33 days if this decision was mailed). See 8 CFR 336.2 (a) and 103.8(b). Without a properly filed Form N-336, this decision will become final. See INA 336.

To access Form N-336 or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call our National Customer Service Center toll free at 1-800-375-5283. You may also make an appointment to speak to a USCIS staff member in person at the USCIS office having jurisdiction over your current place of residence. To schedule an appointment, go to www.uscis.gov and select INFOPASS.

Sincerely,

David A. Lester
Field Office Director
Signed for by:
Kathleen Frame

cc: file
Kiran Nair, Esq.

2