United States District Court
For the District of Massachusetts

| | | |
|---|---|---|
| United States | ) | |
| | ) | |
| v. | ) | No. 97-CR-10102-MLW |
| | ) | |
| Tien Nguyen, | ) | |
|     Defendant-Petitioner. | ) | |

## Affidavit of Attorney J. W. Carney, Jr.

I, J. W. Carney, Jr., being duly sworn, hereby depose and state the following:

1. In April 1997, I was appointed under the Criminal Justice Act to represent Mr. Tien Nguyen in the U.S. District Court for the District of Massachusetts on his indictment for one count of possession of counterfeit securities under 18 U.S.C. §513(a) and one count of conspiracy under 18 U.S.C. §371.

2. When I met with Mr. Nguyen, he informed me that he had been brought to this country as a child by his father after they had fled Vietnam and refugee camps in Southeast Asia. On a number of occasions, Mr. Nguyen told me that his number one priority in the case was to avoid removal or deportation from this country and insisted that he would not plead guilty to any charges without assurance that his guilty plea would not result in removal or deportation and that he would assert his right to a jury trial.

3. For many of my clients in Mr. Nguyen's position, removal or deportation is far harsher punishment than any sentence of imprisonment. It has thus been my practice in these sorts of cases where avoiding removal or deportation is a priority to encourage my clients to go to trial. I believe I specifically told Mr. Nguyen "only good things can happen for you if you go to trial."

4. Since I am not an expert in immigration law, I told Mr. Nguyen that we needed to retain an experienced immigration lawyer to advise both of us about the potential immigration consequences of any convictions in the case.

5. In June 1997, I made arrangements to retain Attorney Anthony Drago, an experienced immigration lawyer, to advise us as to the potential immigration consequences.

6. In the fall of 1997, the prosecutor and I entered into plea negotiations. Based on my understanding of the information provided by Attorney Drago, I advised Mr. Nguyen that possession of counterfeit securities was not a crime of moral turpitude or an aggravated felony

-1-

-2-

and that a guilty plea only to count one, possession of counterfeit securities, would avoid the potential for removal or deportation.

7. On the day of Mr. Nguyen's Rule 11 hearing, before he went into court, I again advised him that if he pleaded guilty only to count one, and if count two were dismissed, he would not be subject to removal or deportation.

8. A few days after the Rule 11 hearing, I sent Mr. Nguyen a letter stating that he had done well at the hearing because the government had agreed to the dismissal of the conspiracy count. I wrote this because I believed that with the dismissal of the conspiracy count, we had managed to avoid the risk of Mr. Nguyen's removal or deportation.

9. In April 1998, Mr. Nguyen appeared for sentencing, and Judge Wolf imposed a sentence on count one of 15 months' incarceration, deemed served, with 36 months' supervised release. At the government's request, the judge dismissed the conspiracy count (count two).

11. Sometime that same month, I received a letter from Attorney Drago that seemed to confirm my understanding that possession of counterfeit securities was not an aggravated felony.

12. If I had known that a conviction for possession of counterfeit securities was or could be deemed an aggravated felony or a crime of moral turpitude that would have subjected Mr. Nguyen to removal or deportation, I would have advised him to hold out for a better plea deal or to go to trial.

Signed under the penalties of perjury.

_____
J. W. Carney, Jr.

Dated: April 20, 2017