**United States District Court
for the District of Massachusetts**

---

| | | |
|---|---|---|
| Tien Nguyen, | ) | |
|     Defendant-Petitioner, | ) | Leave to file granted on 9/1/17. |
| | ) | |
| v. | ) | No. 97-CR-10102-MLW |
| | ) | |
| United States, | ) | |
|     Respondent. | ) | |

---

**Defendant-Petitioner's Reply
to the Government's Opposition**

---

## 1.    Introduction.

The defendant-petitioner, Tien Nguyen, hereby submits this reply in response to the principal arguments made by the government in its opposition to Mr. Nguyen's motion for writ of error coram nobis or other appropriate relief.[1]

In its reply, the government concedes that Mr. Nguyen can satisfy the first and third requirements for coram nobis relief. The government thus agrees: (1) that Mr. Nguyen has "provided adequate explanations for failing to seek earlier relief from the judgment";[2] and (3) that he has adequately "demonstrated that the judgment resulted from an error of the most fundamental character," to wit, trial counsel's ineffective assistance in providing affirmative misadvice about the immigration consequences of Mr. Nguyen's guilty plea.[3]

---

[1] Doc. 120. Mr. Nguyen is also herewith filing a motion for leave to file an affidavit of immigration-law expert Susan B. Church in support of his request for coram nobis and other appropriate relief.

[2] *See* Gov't Opp. at 12, 29-30 (agreeing that until he received the USCIS decision in 2015, Mr. Nguyen had no reason to question trial counsel's advice that possession of a counterfeit securities was not an "aggravated felony").

[3] *See* Gov't Opp. at 1, 34-36 (agreeing that that "th[is] Court could find: that "trial counsel's affirmative misadvice regarding the deportation consequences of his guilty plea satisfied the two-

The government, however, argues that Mr. Nguyen cannot meet the second prong required for coram nobis relief because he cannot show: (2) "that he continues to suffer significant collateral consequences from the judgment."[4] The government relatedly argues that the matter is not "ripe for adjudication" and does not meet Article III's case-or-controversy requirement because the petition "relies exclusively on the occurrence of a future event — his deportation — that has yet to happen, and in fact, may not happen at all."[5] The government is wrong for several reasons, any one of which is sufficient to establish both the ripeness of Mr. Nguyen's claim and his satisfaction of the second prong of coram nobis's three-prong standard.

First, under *Padilla v. Kentucky,* 559 U.S. 356 (2010), Mr. Nguyen's deportability due to his possession-of-counterfeit-securities conviction, constitutes an integral part of his sentence, which he has standing to challenge as a matter of law. While the First Circuit has not yet decided the issue, the law is, as the government acknowledges, "succinct, clear, and explicit"[6] that possession of counterfeit securities is "an offense 'relating to ... counterfeiting,'" that it is thus "an aggravated felony," which makes Mr. Nguyen deportable.[7] In *Padilla,* the Supreme Court made clear that the imposition of a sentence making a defendant deportable can be challenged on Sixth Amendment ineffective-assistance grounds because deportation is "an integral part" of the "penalty" or sentence imposed, and is not a mere "collateral consequence."[8] As an "integral" feature of the defendant's sentence, this is, as a matter of law, no less subject to collateral attack under the All Writs Act than

---

prong test of ineffective assistance of counsel under *Strickland [v. Washington,* 466 U.S. 668, 687 (1984)], and was therefore an error of the most fundamental character").

[4]Gov't Opp. at 12, 28-36. *See United States v. Morgan,* 346 U.S. 502, 512 (1954); *United States v. George,* 676 F.3d 251, 255 (1st Cir. 2012).

[5]Gov't Opp. at 23-28.

[6]Gov't Opp. at 34.

[7]8 U.S.C. §1101(43)(R). *See* Gov't Opp. at 17-19 (acknowledging that there is "no dispute" about this). *See also Kamagate v. Ashcroft,* 385 F.3d 144, 154 (2d Cir. 2004) (holding that any violation of 18 U.S.C. §513(a) qualifies as an offense "relating to counterfeiting" and is thus an "aggravated felony" under 8 U.S.C. §1101(a)(43)(R)).

[8]559 U.S. at 364-71.

any other feature of his conviction or sentence.[9] Moreover, the Supreme Court has held that a defendant presumptively has standing to challenge his criminal conviction, unless the government can specifically prove "that there is no possibility than any collateral legal consequences will be imposed on the basis of the challenged conviction."[10]

The government's contention that *Padilla* claims are not ripe for adjudication unless a defendant already has been placed in removal proceedings or already has an immigration detainer runs contrary to the logic of *Padilla* and played no role in the Court's ruling. Perhaps even more significantly, the First Circuit in *United States v. Castro-Tavares* determined that the petitioner had valid grounds, and by inference, standing, to make a coram nobis claim based on counsel's affirmative misadvice as to the immigration consequences of the petitioner's guilty plea even though he was not, as the government acknowledges, "in any form of immigration custody and did not have removal proceedings pending against him at the time of his petition."[11]

Second, Mr. Nguyen, is "**conclusively** presumed to be deportable" by virtue of this aggravated-felony conviction and can at any time be arrested by Immigration and Customs Enforcement ("ICE") agents, placed in removal proceedings, and detained for up to six months.[12]

---

[9] *See* 28 U.S.C. 1651.
[10] *Sibron v. New York,* 392 U.S. 40, 54 (1968). *See also United States v. Morgan,* 346 U.S. 502 (1954) (holding that a defendant's collateral challenge to his criminal conviction and sentence were not moot even though he had finished serving his sentence, because "the results" of criminal convictions and sentences "may persist"); *Fiswick v. United States,* 329 U.S. 211 (1946) (holding that a criminal case had not become moot upon the defendant alien's release from prison because his conviction was a "crime of moral turpitude" that might subject him to deportation and might prevent him from proving "good moral character" if he were to apply for citizenship). *Cf. Spencer v. Kemna,* 523 U.S. 1, 8 (1998) (holding that a defendant's collateral challenge to parole revocation proceeding was moot after prisoner had finished serving entire extended term of imprisonment and distinguishing this from "the presumption of collateral consequences" that applies to a defendant's "criminal conviction").
[11] Gov't Opp. at 25. *See United States v. Castro-Taveras,* 841 F.3d 36, 37-38 (1st Cir. 2016).
[12] *See* 8 U.S.C. §§1226(c); 1227(a)(2)(A)(iii) (emphasis added); *Demore v. Hyung Joon Kim, 5*38 U.S. 513, 531 (2003) (holding that an alien who had conceded his deportability due to his conviction for an aggravated felony could be detained during the pendency of his removal hearings even though he was a legal permanent resident and noting that "detention is necessarily a part of this deportation

Since 2015 when he became aware that his offense of conviction was an aggravated felony, Mr. Nguyen has been living with the ever-present fear that his life could be turned upside down at any moment. The current administration's decision in January 2017 to rescind the previous administration's Priority Enforcement Program, targeting for deportation only those convicted of the most serious offenses, has made the risk of deportation even more concrete and immediate.[13]

While relief from removal or inadmissibility may be theoretically available in other cases, this does not make the risks of being detained and placed in removal proceedings any less imminent in this case, since Mr. Nguyen, by virtue of his conviction, would be placed into removal proceedings or would be deemed per se ineligible as a matter of law for discretionary or non-discretionary forms of relief in the form of asylum[14], withholding of removal,[15] discretionary waiver of inadmissibility

---

process") (citation omitted); *Reid v. Donelan,* 819 F.3d 486, 494 (1st Cir. 2016) (adopting an individualized review of the reasonableness of an alien's detention during the pendency of his removal proceedings, rejecting a presumptive six-month rule, and upholding the district court's conclusion that 14 months was unreasonable under the circumstances of the case). *Cf. Zadvydas v. Davis,* 533 U.S. 678, 690 (2001) (holding that an alien challenging his detention following a final order of removal cannot be "indefinite[ly]" and "potentially permanent[ly]" detained where his removal was "no longer practically attainable" and establishing a presumptive six-month limit for post-removal detention, absent proof of a "strong special justification" that further detention is necessary). *See also* Gov't Opp. at 8 (quoting 8 U.S.C. §1228(c)); *Hoang Minh Ly v. Mark Hansen et al.,* 351 F.3d 263, 273 (6th Cir. 2004) (holding that aliens may be held for a "reasonable period of time required to initiate and conclude removal proceedings," but that it was unreasonable to detain an alien for 18 months where his removal to Vietnam was not "reasonably foreseeable" due to a lack of a repatriation treaty in force at that time).

[13]*See* Exec. Order on Enhancing Public Safety in the Interior of the United States, dated Jan. 25, 2017 (abolishing the previous administration's Priority Enforcement Program (PEP) and authorizing Immigration and Customs Enforcement to target non-serious criminals for deportation), available at https://www.whitehouse.gov/the-press-office/2017/01/25/presidential-executiveorder-enhancing-public-safety-interior-united. *See also* Jennifer Medina, "Trump's Immigration Order Expands the Definition of 'Criminal,'" New York Times, Jan. 26, 2017, https://www.nytimes.com/2017/01/26/us/trump-immigration-deportation.html?_r=0.

[14]*See* Gov't Opp. at 20 (citing 8 U.S.C. §§1158(b)(2)(B)(i) & 1158(b)(2)A)(ii).

[15]It also seems clear that possession of counterfeit securities may qualify as a "a particularly serious crime" that would make Mr. Nguyen ineligible for withholding of removal and likely asylum. *See 8 U.S.C. § 1227(a)(4)(D); Arbid v. Holder,* 674 F.3d 1138, 1143-1144 (9th Cir. 2012); *Matter of Maurice Wilson,* 2004 WL 1398694 (BIA 2004) (mail fraud coupled with 15-month sentence deemed a "particularly serious crime").

due to extreme hardship,[16] cancellation of removal,[17] and voluntary departure.[18] And while the Socialist Republic of Vietnam may not now be legally obligated to accept Mr. Nguyen's return to Vietnam under the terms of the Agreement on the Acceptance of the Return of Vietnamese Citizens, this treaty is certainly subject to renegotiation by the parties,[19] and Mr. Nguyen should not be compelled to wait until he is actually placed in removal proceedings when, as a practical matter, it will likely be too late to prevent his removal.

Third, by virtue of his aggravated-felony conviction, Mr. Nguyen has already been and will continue to be prevented from becoming a naturalized citizen. The Department of Homeland Security's United States Citizen and Immigration Services ("USCIS") ruled in 2015 that because possession of counterfeit securities is an aggravated felony, Mr. Nguyen is "permanently ineligible for naturalization."[20] This bar to naturalization, in itself, clearly constitutes an "injury in fact," "fairly

---

[16] *See generally* 8 U.S.C. §1182(h); *Matter of Rodriguez,* 25 I. & N. Dec. 784, 789 (BIA 2012) (BIA decision interpreting 8 U.S.C. §1182(b) as precluding discretionary waiver of inadmissibility due to extreme hardship in a number of Circuits including the First, for *any* alien convicted of an aggravated felony after acquiring lawful permanent resident status). *See also Onwuamaegbu v. Gonzales,* 470 F.3d 405, 409 (1st Cir. 2006) (applying full *Chevron* deference to interpretations of the Immigration and Nationality Act made by the Board of Immigration Appeals).

[17] *See* Gov't Opp. at 22 (citing 8 U.S.C. §1229(a)). *See also* 8 U.S.C. §1252(a)(2) (prohibiting judicial review of certain discretionary decisions of the Attorney General to grant or deny relief); 8 U.S.C. 1229b(a)(3) **(**cancellation of removal not available for any alien "convicted of any aggravated felony").

[18] *See* 8 U.S.C. §1229c(a)(1) ("The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under section 240 [8 USCS § 1229a] or prior to the completion of such proceedings, if the alien is not deportable under section 237(a)(2)(A)(iii)" ("aggravated felony") "or section 237(a)(4)(B) [8 USCS § 1227(a)(2)(A)(iii) or 1227(a)(4)(B)] ("terrorism" ground) of this title").

[19] *See* David Rogers, "Trump's immigration crackdown hits Vietnam," Aug. 14, 2017, www.politico.com/story/2017/08/14/trump-immigration-crackdown-vietnam-241564, last visited 9/15/17 (noting that "ICE currently ranks Vietnam as third, behind China and Cuba, among countries it lists as "recalcitrant" — meaning their governments fail to issue the necessary travel papers or passports needed to enable ICE's Enforcement and Removal Operations arm to finally execute a deportation order," and noting that the new administration may hold Vietnam "accountable for nationals who came to the U.S. before postwar relations were normalized in 1995").

[20] *See* Gov't Opp. at 5; Def's Pet. at 7.

traceable" to his conviction, that can readily be "addressed by a favorable judicial decision," and thus satisfies both Article III's case-or-controversy requirement[21] and coram nobis's continuing-adverse-consequences requirement.[22]

Fourth, Mr. Nguyen is effectively barred from traveling abroad for work, pleasure, or family emergencies, since possession of counterfeit securities is "a crime of moral turpitude," which makes him inadmissible should he try to re-enter the country.[23] Some states, in line with *Padilla,* specifically recognize that this risk of inadmissibility on re-entry is, in itself, a continuing adverse immigration consequence that defendants must be properly warned about before pleading guilty. For example, in Massachusetts, judges are statutorily required to advise noncitizen defendants who plead guilty that their offense of conviction "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization."[24] To prove that a conviction "may have" the consequence of exclusion from admission, the Massachusetts Supreme Judicial Court has held that a defendant need only show that he or she has "a bona fide desire to leave the country and reenter" and that upon re-entry, "there would be a substantial risk that he or she would be excluded from admission under Federal immigration law because of his or her conviction."[25] In so holding, the

---

[21] *See Lujan v. Defenders of Wildlife,* 504 U. S. 555, 559-60 (1992) (holding that to establish standing in the civil context, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision).

[22] *See Commonwealth v. Valdez,* 475 Mass. 178, 182-84 (2016) (holding that adverse immigration consequences from criminal convictions under M.G.L. 278, §29D include "denial of naturalization," as well as the potential for deportation and exclusion from admission).

[23] *See* 8 U.S.C. 1182(a)(2)(A)(i) ((subject to certain exceptions not applicable here, "any alien convicted of ... a crime involving moral turpitude ... is inadmissible"); *Matter of Lethbridge,* 11 I&N Dec. 444 (BIA 1965) (possession of counterfeit securities is a crime involving moral turpitude). *See also Walker v. Attorney General of the United States,* 783 F.3d 1126 (11th Cir. 2015) (uttering a forged instrument is a crime involving moral turpitude); *Matter of Islam,* 25 I&N Dec. 637, 638-639 (BIA 2011) (possession of stolen credit cards amounting to forgery is a crime involving moral turpitude); *Matter of Fernandez,* 14 I&N Dec. 24 (BIA 1972) (transportation of forged securities is a crime involving moral turpitude).

[24] M.G.L. c.278, §29D (emphasis added).

[25] *Valdez,* 475 Mass. at 182-84, 186.

Court noted that exclusion from admission for a person convicted of a crime of moral turpitude is "virtually inevitable" and is thus "far more than a hypothetical risk."[26]

For the reasons stated herein and in Mr. Nguyen's petition for relief, this Court should find that Mr. Nguyen has standing to challenge his conviction and that all three requirements for coram nobis relief have been satisfied. Given the undisputed evidence of attorney misadvice constituting "an error of the most fundamental character"; given Mr. Nguyen's diligent efforts over two decades to become a naturalized citizen and to avoid deportation; given the consequences for Mr. Nguyen's wife and children that would result from his deportation to Vietnam; and given his potential exposure to ill treatment because of his father's military service to the former South Vietnamese regime and because of Mr. Nguyen's allegiance to this country, the Court should recognize that this is an extraordinary case warranting extraordinary relief and should exercise its discretion to grant coram nobis or other appropriate relief to ensure that justice is done.

Respectfully submitted,
Tien Nguyen,
By his attorney:

/s/*Michael R. Schneider*
Michael Schneider
BBO #446475
GOOD SCHNEIDER CORMIER & FRIED
Attorneys at Law
83 Atlantic Avenue
Boston, MA 02110
617-523-5933
ms@gscfboston.com

**Certificate of Service**

I, Michael R. Schneider, hereby certify that this memorandum has been served on all registered parties by this Court's CM/ECF System.

/s/*Michael R. Schneider*
Michael R. Schneider

Dated: September 21, 2017

---

[26] *Id.* at 185.